Chief Justice Bibb
delivered the Opinion of the Court.
In June 1824. the commissioners appointed by the act creating the new county called Oldham, made their report to the county court. fixing the seat of justice on the tract of land owned by Button,” having reference to his proposition to give fifty acres of his land for the seat of justice, to laid off into town lots, and to appropriate two-thirds of the proceeds of tiiesales of the lots on the said fifty acres, to he expended towards the erection, of the public buildings.
January 22nd. 1825, Button obtained a rule upon the justices of the county court of Oldham, to shew cause "why a mandamus should not be awarded against them, for failing to cause public, bandings to be erected for said county, as soon as practicable.”
The justice in their return to this rule, first object to the jurisdiction of the circuit judge to interfere.-
Farther, they state that they had levied on the tithables, the sum of §2,025, at their court of levy and claims, whereof the collection was to ho made in the current year; that of that sum $982 21 1 2 cts. was appropriated to just claims of comity creditors, leaving $1542 7 8 1 2 cents of subject to deduction for commissions, collection and insolvencies; that this sum is inadequate that they do not. think it prudent to build on credit, because it costs more than building with ready money; that the levy made the first year of the county, amounted to the rate of one dollar twenty cents on cach tithable, which was as high as the people could hear, under the circumstances and embarrassments of the times, and if they had gone to the extent of the law, the means would still have been inadequate; that a great *477 portion of the inhabitants of the county were dissatisfied, and had petitioned the Legislature to remove the seat of justice, and it is uncertain where the seat of justice would be permanently fixed; therefore, they considered it would be a waste of the people’s money to expend it at present, if they had the fund, in building at Button’s.
Judgment of the circuit court, awarding a peremptory mandamus.
Question of jurisdiction waived-
-cause adjudged sufficient, and—
—judgment reversed.
Denny, Attorney General, for appellants,
The judge deemed the return insufficient, and awarded a peremptory mandamus, directing them to proceed with the erection of the public buildings with all convenient despatch.
Waiving the question, whether, considering the trust and confidence committed to the justices, to consult their taste and judgment in the dimensions and style, and expense of the public buildings; and considering also, that the number of the justices of the county court who were required to make a levy, as well as the liability of those justices to contribute and share in the burthens of taxation they imposed on the county, constituted important, securities against abuse of the trusts, the circuit judge had any authority to interfere, we think the turn of the justices was sufficient.
The award of the peremptory mandamus must be reversed and annulled, and the cause remanded with directions to the judge to allow the return of the justices as sufficient, and to discharge the application for a mandamus.
The justices to recover their costs in this court.